IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

January 14, 2025

LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
    DEPUTY CLERK

| | |
|---|---|
| NAJEH ABEDALJALIL and CASEY ABEDALJALIL, | ) ) ) |
| Plaintiffs, | ) Case No. 4:24-cv-00031 |
| v. | ) ) **MEMORANDUM OPINION** |
| MICHELLE WELCH, CATHERINE MARTINETTE, and AMY TAYLOR, | ) By:  Hon. Thomas T. Cullen ) United States District Judge |
| Defendants. | ) ) |

Plaintiffs Najeh Abedaljalil and Casey Abedaljalil claim to have served copies of the operative complaint and summonses on Defendants Michelle Welch, Catherine Martinette, and Amy Taylor (collectively, "Defendants") on November 19, 2024. (*See* ECF Nos. 4, 5 & 6.) But Defendants all assert that they were served only with a copy of the summons; they state, under oath, that they did not receive a copy of the complaint. Plaintiffs protest, and they point to a declaration submitted by their process server. Because the court has no confidence in the accuracy of that Declaration—in fact, at least one material fact is plainly wrong—the court is not persuaded that Plaintiffs complied with the rules and properly served Defendants. Accordingly, their complaint will be dismissed without prejudice for failure to serve. *See* Fed. R. Civ. P. 4(m).

I.

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Dismissal is appropriate under Rule 12(b)(5) if the service is legally insufficient. Fed. R. Civ. P. 12(b)(5). If a plaintiff does not effect *proper* service of the complaint within 90 days of its filing, the court "must" dismiss the complaint or order that service be made within a specified time. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* If a party moves for an extension of his time to effect service after the 90-day clock has expired, the court may also extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Once [the sufficiency of service is] challenged, the burden of establishing validity of service under Federal Rule of Civil Procedure 4 shifts to the plaintiff." *Urrego v. Samuel I. White, P.C.*, No. 3:17CV437, 2018 WL 4524106, at *5 (E.D. Va. July 3, 2018) (cleaned up); *see also Sanyal v. Toyota Motor Corp.*, No. 1:14cv906, 2014 WL 4925842, at *1 (E.D. Va. Sept. 30, 2014).

## II.

Here, Defendants all filed declarations stating that, although they were served with a copy of the summons, they were not served with a copy of the complaint. (*See* Decl. of Michelle Welch ¶ 5, Dec. 9, 2024 [ECF No. 8-1]; Decl. of Amy Taylor ¶ 5, Dec. 9, 2024 [ECF No. 8-2]; Decl. of Catherine Martinette ¶ 4, Dec. 12, 2024 [ECF No. 10-1].) Plaintiffs counter with an affidavit from their process server, who asserts that she did, in fact, serve copies of the complaint with the summonses to all Defendants. (*See* Decl. of Michele Pope ¶¶ 6, 9, Jan. 4, 2025 [ECF No. 16-1].)

But the court has no confidence in Ms. Pope's declaration. As Defendants all accurately point out, she claims that she served Defendants Welch and Taylor in Richmond, Virginia, at

3:35 p.m. on November 19, and that she served Defendant Martinette at her home in Halifax, Virginia, at 4:00 p.m. "[o]n that same day." (*Id.* ¶¶ 4, 9.) That is not possible. The distance between the locations Ms. Pope claimed she served Defendants is 117 miles, a distance it is not possible to cover in 25 minutes. *See* Fed. R. Evid. 201(b)(2) (permitting the court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Because her declaration is plainly erroneous on at least one material point, the court gives it no credence.[1]

When service of process is challenged, the burden is on the plaintiff to prove the sufficiency of service. *See Noble Bottling, LLC v. Sherman*, No. 3:22-cv-00083, 2023 WL 4535468, at *3 (W.D.N.C. July 13, 2023). Plaintiffs have failed to do so here. Moreover, they have neither sought leave to perfect service of process nor offered good cause for their failure to perfect service within the time prescribed by Rule 4(m). Accordingly, this case must be dismissed without prejudice.

## III.

Because Plaintiffs failed to comply with the rules of service, dismissal of this case is warranted.

---

[1] The court grants Ms. Pope the courtesy of concluding that she is mistaken regarding the material facts at issue, not that she has attempted to mislead the court by purposefully filing a false statement under oath. The court grants Plaintiffs' counsel the same courtesy.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 14th day of January, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE